Filed 1/23/14  P. v. Martinez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>QUINTILO URBANO MARTINEZ,<br><br>    Defendant and Appellant. | H038317<br>(Santa Cruz County<br>Super. Ct. No. F21962) |

Defendant Quintilo Urbano Martinez was convicted after jury trial of dissuading a witness from reporting a crime, and misdemeanor battery.  (Pen. Code, §§ 136.1, subd. (b)(1); 242).[1] On appeal, defendant asserts instructional error related to the battery conviction,[2] and error related to the no-contact order imposed by the court.

**STATEMENT OF THE FACTS AND CASE**

N.B. was married to defendant for seven years.  She met defendant when her daughter, S. was two-and-one-half years old.  In December 2011, S. was around eight-years old.  S. told N.B. that she no longer wanted to call defendant "Dad," and that she

---

[1] All further unspecified statutory references are to the Penal Code.

[2] In defendant's opening brief, he argued instructional error with regard to the dissuading a witness charge in addition to the arguments addressed in this opinion. However, prior to the Attorney General filing its response brief, defendant withdrew the argument related to dissuading a witness.

and her siblings wanted N.B. to leave defendant. N.B. tried to talk to S. to see if something happened between her and defendant. Eventually, S. told N.B. that defendant had touched her a few days prior. S. said that she was trying to sleep, but her brother was bothering her. Defendant told S. to come and sleep in his bed. S. went to defendant's bed, and fell asleep there, awakening when she felt defendant's hand in her underpants. S. jumped out of bed and ran to the kitchen. Defendant followed S., and said that if she told anyone about what happened, he would go to jail and would die there.

Defendant stated that on the day of the incident, he and the children went to bed to take a nap. He awoke to hear the children arguing. Defendant separated them, and told S. she could sleep in his bed with him. S. lay down in the bed, and defendant's back was to her. Defendant went to sleep on his side, and as he rolled over he accidentally touched S. between her legs and over her clothes. S. woke up and became upset. Defendant stated he had no sexual intent.

Defendant was charged with lewd act on a child (§ 288, subd. (a)), and dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1)). The information also alleged substantial sexual conduct with regard to the lewd act. (§ 1203.066, subd. (a)(8)).

Defendant was tried by a jury and acquitted of the lewd act count, but found guilty of the lesser offense of misdemeanor battery (§ 242). Defendant was also found guilty of dissuading a witness (§ 136.1, subd. (b)(1)).

Defendant was sentenced to three years in state prison on the dissuading count, and 180 days in county jail on the battery charge, to run concurrent.

## DISCUSSION

On appeal, defendant asserts instructional error related to lesser included offense of battery, and error in regard to the no contact order imposed by the court.

2

*Instructional Error-Lesser Included Offense of Battery*

Defendant argues the court erred because although it instructed the jury on accident (CALCRIM No. 3404) and unconsciousness (CALCRIM No. 3425) with regard to the lewd act on a child offense, it did not specifically state that these instructions also applied to the lesser included offense of misdemeanor battery.

In deciding whether instructional error occurred, we "assume that jurors are intelligent persons and capable of understanding and correlating all jury instructions which are given." (*People v. Mills* (1991) 1 Cal.App.4th 898, 918.) In that context, we then "determine whether it is reasonably likely the jurors understood the instruction[s] as [defendant] suggests. [Citation.] In making that determination, we must consider several factors including the language of the instruction[s] in question [citation], the record of the trial [citation], and the arguments of counsel." (*People v. Nem* (2003) 114 Cal.App.4th 160, 165.) "[T]he case law is clear that whether the giving of a concrete instruction is confusing or erroneous must be determined from the instructions as a whole. . . . 'Error cannot be predicated upon an isolated phrase, sentence or excerpt from the instructions since the correctness of an instruction is to be determined in its relation to other instructions and in the light of the instructions as a whole. [Citations.] Accordingly, whether a jury has been correctly instructed is not to be determined from a part of an instruction or one particular instruction, but from the entire charge of the court.' " (*People v. Patterson* (1979) 88 Cal.App.3d 742, 753.) Even if we conclude that " 'a jury instruction is ambiguous, we inquire whether there is a reasonable likelihood that the jury misunderstood and misapplied the instruction.' " (*People v. Hernandez* (2003) 111 Cal.App.4th 582, 589.)

Errors in jury instructions are reviewed under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Breverman* (1998) 19 Cal.4th 142, 172-178.) Therefore, an error requires reversal only where "an examination of the entire record establishes a reasonable

3

probability that the error affected the outcome." (*Id*. at p. 165, citing *People v. Watson* (1956) 46 Cal.2d 818, 836 & Cal. Const., art. VI, § 13.)

Defendant's defense at trial was that he touched S. accidently while he was asleep, and that he was therefore legally unconscious. Defendant claimed that he rolled over while asleep and accidently touched S. with his hand over her clothing and between her legs

Based on the asserted defense, the court instructed the jury on accident and unconsciousness as follows: "The defendant is not guilty of committing a lewd act upon a child if he acted without the intent required for that crime but instead acted accidently. You may not find the defendant guilty of committing a lewd act upon a child unless you are convinced beyond a reasonable doubt that he acted with the required intent. [¶] The defendant is not guilty of lewd acts upon a child or the special allegations if he acted while legally unconscious. [¶] . . . [¶] So I'll read that first sentence again please: The defendant is not guilty of lewd acts upon a child or the special allegation if he acted while legally unconscious. [¶] Someone is legally unconscious when he or she is not conscious of his or her actions. Someone may be unconscious even though able to move. Unconsciousness may be caused by a blackout, an epileptic seizure, involuntary intoxication, or sleep. [¶] The People must prove beyond a reasonable doubt that the defendant was conscious when he acted. If there's proof beyond a reasonable doubt that the defendant acted as if he were conscious, you should conclude that he was conscious. If, however, based on all the evidence you have a reasonable doubt that he was conscious, you must find him guilty. [¶] . . .[¶] Simple battery is a lesser included offense of Count 1. To prove that the defendant is guilty of this crime, the People must prove the defendant willfully and unlawfully touched [S.] in a harmful or offensive manner. [¶] Someone commits an act willfully when he or she does it willingly, or on purpose. It is not required that he intend to break the law, hurt someone else, or gain an advantage.

4

[¶]  The slightest touching can be enough to commit a battery if it is done in a rude or angry way.  Making contact with another person, including through this or her clothing, is enough.  The touching does not have to cause pain or injury or any kind.  The touching can be done indirectly by causing an object or someone else to touch the other person."

During argument, both defense counsel and the prosecutor commented about the defenses of unconsciousness and accident, and the prosecutor specifically commented that the defenses were equally applicable to the lesser included offense of battery.  In rebuttal, the prosecutor stated:  "There is a lesser included of battery.  I want to address that really briefly.  [¶]  Look, a battery is a willful touching.  The defenses that Counsel has brought up—that he was asleep or half asleep—apply to that count too.  Okay?  If you believe his version, you're going to find him not guilty of that crime too."

Based on the instructions given and the evidence, we do not find it is reasonably likely the jurors understood the unconsciousness and accident defense instructions to only apply to the lewd act charge as defendant suggests.  (See *People v. Nem*, *supra*, 114 Cal.App.4th at p. 165.)  While the defense instruction was only specifically stated in connection with the lewd act charge, it was not so limited in the totality of the instructions.  The battery instruction contained a specific statement that it was a lesser included offense to the lewd act charge, and therefore, by implication, subject to the same defenses to the lewd act charge.  In addition, the elements of battery were put forth clearly and correctly by the court.  Finally, the prosecutor pointedly argued in rebuttal that the unconsciousness and accident defense applied equally to the lesser included battery offense.  The totality of circumstances in this case, including the instructions, the evidence and the argument of counsel demonstrate that the court did not err in its instructions on the defenses of accident and unconsciousness.

5

### *Instructional Error-CALCRIM No. 3425 Misleading*

In addition to his argument that the court erred in not specifically stating that the defenses of accident and unconsciousness applied to the lesser included offense of battery, defendant also argues the unconsciousness defense, as stated in CALCRIM No. 3425 was misleading as given to the jury.

Relying on *People v. Mathson* (2012) 210 Cal.App.4th 1297 (*Mathson*), defendant contends that the portion of the instruction that states " '[i]f there is proof beyond a reasonable doubt that the defendant acted as if he were conscious, you should conclude that he was legally conscious,' " (*id*. at p. 1322) was misleading in the sense that the jury could conclude he was conscious merely because he acted as if he were conscious. *Mathson* considered CALCRIM No. 3425 in the light of its predecessors (the various revisions of former CALJIC No. 4.31), the last of which was upheld by the California Supreme Court in *People v. Babbitt* (1988) 45 Cal.3d 660. Despite finding that CALCRIM No. 3425 was, in some ways, an improvement over prior versions of the legal unconsciousness instruction, the court ultimately found it ambiguous, because it appears to direct the jury to unqualifiedly conclude the defendant is conscious if he acts as if he were conscious. (*Mathson*, *supra*, 210 Cal.App.4th at p. 1323.) The next sentence of the instruction, which begins, " 'If, however,' " does not sufficiently explain that the jury is allowed to entertain a reasonable doubt regarding defendant's consciousness in spite of the defendant acting as if he were conscious. (*Ibid.*) "In context, [the second sentence] could mean that the jury is only to consider whether there is reasonable doubt based on the other evidence if it finds that a defendant acted as if he was not conscious." (*Ibid.*)

Assuming the instruction was ambiguous, any such ambiguity was resolved by the remaining instructions given to the jury in this case. The instruction on lewd and lascivious conduct advised the jury that defendant's culpability was contingent upon a

6

willful act carried out with specific intent. Similarly, the instruction on simple battery as a lesser included offense to lewd conduct also stated that the act of touching another must be done willfully. Here, defendant did not dispute touching S.; rather, the only dispute was whether he did so while conscious or unconscious. As instructed, the jury could only convict defendant if it found he acted willfully. It could not convict him simply because he acted as if he were conscious. In light of the all of the instructions in this case, we find no ambiguity in CALCRIM No. 3425 as given.

### No-Contact Order

Defendant asserts, and respondent concedes that the no-contact order imposed upon defendant in this case must be stricken.

At sentencing, the court ordered that defendant have no contact with S. or her mother. However, the order was not statutorily authorized because defendant was not convicted of any offense that would allow a no contact order to be imposed. (See, e.g., §§ 1201.3, subd. (a) (sexual offense involving a minor); 1201.3, subd. (i)(2) (sexual offense for which registration is a condition of probation); 1203.097, subd. (a)(2) (domestic violence offense.)

As such, the no-contact order must be stricken.

### Cumulative Error

Defendant argues that the cumulative effect of the instruction errors related to the defenses of accident and unconsciousness deprived of him of his constitutional right to a fair trial, and therefore the jury's verdict must be reversed.

The California Supreme Court has instructed that "a series of trial errors, though independently harmless, may in some circumstances rise by accretion to the level of reversible and prejudicial error." (*People v. Hill* (1998) 17 Cal.4th 800, 844.) In the present case, we have determined that none of the above claimed actions on the part of the court were prejudicial error. Moreover, the cumulative effect of the claimed errors is

7

insufficient to rise to the level of reversible and prejudicial error.  Therefore, we must reject defendant's contention of cumulative error.

## DISPOSITION

The no-contact order is stricken.  As modified, the judgment is affirmed.


_____
RUSHING, P.J.


WE CONCUR:




_____
PREMO, J.




_____
ELIA, J.


8